UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK A. ALVAREZ, | No. C 07-4725 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DR. WINN; SUTTER COAST HOSPITAL, | |
| Defendants. | |

## INTRODUCTION

Jack A. Alvarez, an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983 and applied to proceed in forma pauperis. His complaint is now before the court for review under 28 U.S.C. § 1915A and § 1915.

## BACKGROUND

In his complaint, Alvarez alleges he was harmed as a result of a medical mistake made by Dr. Winn, a surgeon at Sutter Coast Hospital. Alvarez alleges that he was unable to eat food and had a lot of gas and was told by a doctor that he had gastritis. Alvarez took pills, but they did not help; eventually, he was permitted to see a specialist, Dr. Winn. On about February 5, 2007, Dr. Winn explained that he was a specialist for people who had trouble with their stomachs and recommended a procedure for Alvarez. Alvarez was taken from Pelican Bay to the hospital for the procedure on February 12, 2007, and the procedure was done late in the day, after which he was allowed to eat some food. Alvarez was sent back to prison and went to his

cell, where he ate some more food, felt cramps, tried to walk, and fell to the ground. Help was summoned and he was returned to the hospital. His statement indicates that Dr. Winn erred during a biopsy of his pancreas and, as a result, Alvarez now has pancreatitis. Alvarez was in the hospital for several months, either continuously or on-and-off, and has been unable to eat or drink since the procedure. Alvarez names Sutter Coast Hospital and Dr. Winn as defendants.

Alvarez's complaint has attached to it a letter in which he states that he has an unidentified disability covered by the ADA that makes it hard for him to read, write and/or understand material regarding his action. He requests that an attorney be provided so that he can proceed with his action. His complaint's statement of facts apparently is a transcription of a statement he dictated to a Pelican Bay library staff member from his hospital bed.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Even if § 1915A does not apply – as, for example, occurs when the prisoner-plaintiff does not seek redress from a governmental entity or officer or employee of a governmental entity – § 1915 permits the court to review a complaint filed in forma pauperis, and dismiss the action if the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, the complaint can go forward in federal court if a claim is stated under § 1983; if the complaint does not state

a claim under § 1983, the plaintiff must file his action in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a person acting under the color of state law (2) violated a right secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988). Alvarez's complaint fails on both prongs.

First, Alvarez has not alleged that Dr. Winn or Sutter Coast Hospital was a person acting under the color of state law. A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Alvarez's § 1983 claim fails because the alleged wrong was not done by a state actor. If Dr. Winn was under contract to provide services for Pelican Bay State Prison, he might be a state actor, but even if he was, that would only take care of one of the two elements required for a § 1983 action.

Second, Alvarez's complaint does not allege a violation of a right secured by the Constitution or laws of the United States. The facts he alleges show, at most, negligence by the surgeon who operated on him. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care; however, an Eighth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition. Even with liberal construction, the complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually know of and act in conscious disregard of a known serious risk. See Complaint, attachment, p. 3 (Alvarez's suffering and inability to eat and drink are "[a]ll

3

because of this thing Dr. Winn did to me. I don't know why he did it to me and I don't know how he did it to me, but I think he should be accountable for the pain and suffering that I'm going through."). Alvarez's statement that he does not know how or why Dr. Winn erred shows that he would not be able to amend to allege an Eighth Amendment claim. The complaint will be dismissed for failure to state a claim upon which relief may be granted.

Alvarez may have a negligence claim, but that must be pursued in state court if it is pursued anywhere. Alvarez requested that a lawyer be appointed to help him proceed with his action. This court will not appoint a lawyer for him because this action is being dismissed and this court does not appoint lawyers to represent plaintiffs in state court. If Alvarez wants to try to obtain a lawyer to help him with a state court action, he may try to write to local bar associations (i.e., the local lawyers' associations) or to the local superior court to see if it has a lawyer referral service or can provide him with forms to use in that court. The address for the Del Norte County Bar Association is: P.O. Box 187, Crescent City, CA 95531. The address for the Humboldt County Bar Association is: 123 Third Street, Eureka, CA 95502. The address for the Del Norte County Superior Court is: 450 H Street, Room 209, Crescent City, CA 95531. Finally, Alvarez is cautioned to act promptly to preserve his legal rights.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend. The dismissal of this action is without prejudice to plaintiff filing a new action in state court. The clerk shall close the file.

IT IS SO ORDERED.

Dated: March 5, 2008

_____
SUSAN ILLSTON
United States District Judge

4